165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kelvin T. LYTE, Defendant-Appellant.
 No. 97-3558.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1998.
Decided Sept. 9, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97 CR 48. J.P. Stadtmueller, Chief Judge.
 Before Honorable RICHARD A. POSNER, Chief Judge, Honorable ILANA DIAMOND ROVNER, Honorable DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Kelvin Lyte was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, he contends that the district court erred in admitting into evidence two guns matching the description of the firearm he allegedly possessed on the day in question. Because a witness had already identified one of the guns as the firearm he possessed, he argues that it was unfairly prejudicial to present the jury with the second gun. We agree with the government that admission of the second gun was proper because it was evidence of an element of the crime charged, and we therefore affirm.
 
 
 2
 Lyte stipulated at trial that he is a convicted felon. The government's witnesses testified that on March 16, 1997, Lyte was arguing with his girlfriend, Kerry Redlich, at her apartment when he put a gun to her head and forced her out of the apartment. Threatening to empty the clip of the gun into her head, Lyte led Redlich several blocks to his mother's home. He left her there after an hour, directing his brother not to allow Redlich to leave the basement. Lyte's mother subsequently drove Redlich to the police station where she reported what Lyte had done to her. Redlich consented to a search of her apartment, and police proceeded there immediately. Lyte had returned to Redlich's apartment, but he did not answer the door for approximately fifteen minutes. After he allowed the officers in, they arrested him and searched the apartment. They found a Beretta .25-caliber semiautomatic handgun hidden in a child's bedroom, under a playpen mat. Lyte denied that the gun was his, but Redlich subsequently identified it as the gun used in the attack.
 
 
 3
 Two days later, while in police custody, Lyte admitted in an police interview that although the gun recovered from Redlich's apartment was not his, he had possessed a similar gun for protection. He told the officers that the second gun could be found at an address that was approximately one block away from Redlich's apartment. The officers immediately proceeded to that address where they recovered a loaded Beretta handgun, identical to the first gun in every way except for the serial number.
 
 
 4
 Lyte moved to suppress the second gun at trial pursuant to Federal Rule of Evidence 403, arguing that its admission would be unfairly prejudicial. He claimed there was no evidence showing that he possessed the second gun on the day in question, and therefore it had minimal relevance to the charges against him. Lyte argued that waving two guns in front of the jury would have the prejudicial effect of implying he was a dangerous man. He also contended that the second gun was inadmissable under Rule 404(b), which prohibits the admission of evidence of other bad acts to prove character or to show action in conformity with the other bad acts. The government countered that because Lyte denied ownership of the first gun, the government was entitled to show that Lyte had access to two guns, each fitting the description given by Redlich. Because the government did not know which of the guns Lyte used to threaten Redlich, the government was entitled to place both guns into evidence to prove an element of the crime. The district court denied Lyte's motion to suppress, and both guns were admitted as evidence. Lyte was convicted and he appealed.
 
 
 5
 We review the trial court's evidentiary rulings with deference, reversing only for abuse of discretion. United States v. Gootee, 34 F.3d 475, 477 (7th Cir.1994). "Special deference also is due the district court's assessment of the probative value of evidence because that court is in the best position to balance probative value against the danger of unfair prejudice." United States v. Brown, 7 F.3d 648, 651 (7th Cir.1993). We will address Lyte's Rule 404(b) argument first. Lyte admitted at oral argument that the government did not use the second gun to argue to the jury that Lyte had a propensity to possess weapons. Nonetheless, he claims that was the natural inference for the jury to draw. We agree with the government that Rule 404(b) is inapplicable where the "bad acts" alleged are really direct evidence of an essential part of the crime charged. United States v. Elder, 16 F.3d 733, 737 (7th Cir.1994). In the instant case, Lyte denied any connection to the Beretta found in Redlich's apartment, but admitted possessing a similar gun that could be found close to the scene. Lyte also admitted at oral argument that it was physically possible for him to have visited the other address where the second Beretta was found after he left Redlich at his mother's home and before the police arrived to arrest him. Thus, the second gun was not evidence of propensity at all but rather was direct evidence of the crime charged, and Rule 404(b) is inapplicable.
 
 
 6
 For much the same reason, the district court did not abuse its discretion in denying Lyte's Rule 403 motion. As evidence of an element of the crime, the second Beretta was highly probative, especially because Lyte admitted a connection to that gun. Lyte's claim that there was no evidence that he possessed the second gun on March 16, 1997 is belied by the fact that on March 18, 1997, the police found the gun where Lyte said it would be. Lyte's knowledge, after two days in custody, of the location of the second Beretta gives rise to a reasonable inference that Lyte possessed that gun on or about March 16, 1997. We agree with the district court that, under the circumstances, admission of the second gun was not unfairly prejudicial. Because the district court did not abuse its discretion, we affirm the judgment.
 
 
 7
 AFFIRMED.