Kelvin T. LYTE, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–1796.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001.*

Decided Sept. 19, 2001.

Before Hon. FLAUM, Chief Judge, Hon. EASTERBROOK, and Hon. KANNE, Circuit Judges.

Order

Kelvin Lyte was convicted of possessing a firearm despite a prior felony conviction, which made that possession unlawful. See 18 U.S.C. § 922(g). We affirmed in an unpublished order. *United States v. Lyte*, No. 97–3558, 165 F.3d 33, 1998 WL 636755 (7th Cir. Sept.9, 1998). The district court denied Lyte's petition for collateral relief under 28 U.S.C. § 2255, and we now have his case a second time. The only question presented by the certificate of appealability is whether Lyte received ineffective assistance of counsel in the earlier proceedings. (Disdaining the limits imposed by 28 U.S.C. § 2253(c), Lyte briefed additional issues. We deny the implied request to expand the certificate of appealability.)

Kerry Redlich told the Milwaukee police that Lyte, her boyfriend, had forced her at gunpoint from the apartment they shared. With Redlich's consent, officers searched that apartment (arresting Lyte in the process) and found a hidden .25 caliber Beretta pistol. During an interview with the police two days later, Lyte denied owning the pistol found in the apartment but admitted carrying a Beretta and told the detectives where it was. They looked and seized the gun they found. The guns are identical except for their serial numbers, and the prosecution introduced both at Lyte's trial.

Relying on *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

(1966), Lyte's lawyer moved unsuccessfully before trial to suppress both the statement and the gun that had been seized as a result of that statement. He did not move to suppress this gun under the Warrant Clause of the Fourth Amendment. In this collateral proceeding Lyte contends that a competent lawyer would have invoked the Warrant Clause and would have relied on *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), rather than on *Miranda*. Lyte was given *Miranda* warnings and waived his rights, which doomed the argument counsel made. It would have been better, Lyte now contends, for counsel to found the motion on a claim that Lyte had been given *Miranda* warnings, and had invoked his right to remain silent, when arrested two days before the interview; then a claim could have been advanced under *Edwards*, because police rather than Lyte initiated the interview at which he confessed. Lyte's counsel filed an affidavit denying that Lyte had provided him with the factual foundation for an *Edwards* claim, and the district judge expressed disbelief at Lyte's contrary assertion–not only because Lyte's performance at the suppression hearing left the judge with the impression that he is not a truthful person, but also because the police said that Lyte was not coherent and could not be interviewed when arrested, making it unlikely that he received *Miranda* warnings then and intelligently invoked his rights forthwith.

■ Whether the district judge should have resolved this conflict without an evidentiary hearing is open to debate. But it is not a debate we need resolve, because Lyte cannot establish prejudice. Admission of probative evidence increases the likelihood of a correct verdict, and failure to persuade the judge to suppress such evidence under the Fourth Amendment therefore cannot be the basis of an ineffective-assistance claim under the Sixth Amendment. See *Holman v. Page*, 95 F.3d 481 (7th Cir.1996). Whether *Holman* should be extended from search and seizure to *Miranda* or *Edwards* claims is yet another question we can bypass, because neither the interview nor the second Beretta could have made a difference to the outcome. The first Beretta, found in an apartment that Lyte shared with Redlich, matched Redlich's description of the gun Lyte used to threaten her. It was the gun that Lyte had been carrying for weeks, Redlich testified. Her description was corroborated by the testimony of a neighbor to whom Redlich had shown this gun after finding it hidden under the pillow of the bed they shared. This same neighbor testified that he saw Lyte force Redlich from the apartment at gunpoint. Plainly Lyte possessed *some* firearm; which one he used on the occasion does not matter to culpability under § 922(g).

Lyte's remaining arguments do not require comment. He challenges aspects of counsel's trial strategy, but none of these quibbles comes close to meeting the requirements of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Affirmed